

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Hairdressers and Cosmetologists
Littlefield Building
Austin, Texas

Dear Madam:　　　　　　　Attention: Mrs. Ella Mae Murphy,
　　　　　　　　　　　　　　　　　　President.

　　　　　　　　　　　　Opinion No. O-3291
　　　　　　　　　　　　Re: Does a member of the State
　　　　　　　　　　　　　　　Board of Hairdressers and
　　　　　　　　　　　　　　　Cosmetologists hold office
　　　　　　　　　　　　　　　until her successor has been
　　　　　　　　　　　　　　　appointed and qualified in
　　　　　　　　　　　　　　　the manner required by law.

　　　　The joint request of the State Board of Cosmetology
dated March 18, 1941, has been received and considered by this
department. We quote from your request:

　　　　　"Mrs. Lillie Stone was appointed as a
member of the State Board of Cosmetology by
Governor W. Lee O'Daniel on June 5, 1940,
and qualified by taking the oath of office
on June 5, 1941. This was a recess appoint-
ment filling the unexpired term of Mrs. Faye
Stewart, who resigned as a member of the
State Board of Cosmetology.

　　　　　"The Legislature of the State of Texas
convened on January 14th, and Mrs. Stone's
name was not submitted to the Senate for
confirmation and it has not been submitted
as of this date. Therefore, I should like
to have an opinion from your Department as
to whether or not Mrs. Stone is qualified
at this time to hold office as a member of
the State Board of Cosmetology.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Article 734-b, Section 4 of the Revised Civil Statutes of Texas prescribed the qualifications of members of the State Board of Cosmetology, and the term for which they shall hold office.  It also sets forth that each member of the Board shall serve for a term of six years, or until his or her successor is appointed and qualified.  The fact is that Mrs. Stone, being appointed to fill an unexpired term and having qualified and taken the oath of office, but whose name was not submitted to the Senate within ten days after the Senate convened, as required by the Texas Constitution, does not know whether to continue to serve until her successor is duly appointed and confirmed, or that by virtue of the Constitutional provision, which sets forth that the Governor shall submit within ten days the names of his appointees to fill vacancies on State Boards, would control."

Section 4 of Article 734b of Vernon's Penal Code provides as follows:

"Sec. 4.  There is hereby created a State Board of Hairdressers and Cosmetologists consisting of three (3) members, each of whom shall be a hairdresser or cosmetologist, as defined in this Act, within thirty (30) days after this Act shall become effective, the Governor shall appoint the members of such Board; such members shall be at least twenty-five (25) years of age and shall have had at least five (5) years practical experience in the majority of the practices of hairdressing or cosmetology in Texas and shall be a citizen of the State; no member of the Board shall be a member of nor affiliated with any school of hairdressing or cosmetology while in office, nor shall any two (2) members of said Board be graduates of the same school.

"(a)  Each member of said Board shall serve a term of six (6) years, or until his or her successor is appointed and qualified, except in the case of the first Board, in which case one member shall be appointed to

> serve for a period of two (2) years; a
> second member shall be appointed to serve
> for a period of four (4) years; and a
> third member shall be appointed to serve
> for a period of six (6) years; and in mak-
> ing such appointments the Governor shall
> designate the respective positions to be
> filled by such appointment. The members
> of said Board shall take the oath provided
> by law for public officials. Vacancies shall
> be filled by the Governor for the unexpired
> portion of the term."

It will be noticed that Section (a) of the above quoted statute expressly provides that a member of the Board shall serve for a term of six years or until his or her successor is appointed and qualified.

In our Opinion No. O-134, the same question was discussed at length and a careful review of the constitutional and statutory provisions with reference to the office of Secretary of State was therein given. We believe that the same constitutional provisions and the holding therein can be equally applied to your proposition. A copy of Opinion No. O-134 is being enclosed herewith for your information and assistance.

You are therefore respectfully advised in answer to your question that a member of the State Board of Hairdressers and Cosmetologists, to-wit: Lillie Stone is entitled, under the Constitution and laws of this State, to continue to serve in her official capacity as a member of that Board until such time as her successor is appointed and duly qualified.

Since receiving your request we have been advised that the nomination of Mrs. Lillie Stone has been submitted by Governor O'Daniel to the Senate for confirmation. If the Senate should refuse to confirm such appointment thereby rejecting same, then we call your attention to our Opinion No. O-3343 in which we held that a rejection of a nominee by the Senate created a vacancy in office. A copy of Opinion No. O-3343 is enclosed for your information.

We trust that we have fully answered your inquiry.

APPROVED APR 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken
Harold McCracken
Assistant

JM:RS